JOURNAL ENTRY AND OPINION
{¶ 1} Owners Insurance Company ("OIC") appeals from an order of Judge Joseph D. Russo that granted summary judgment to James Frye on his complaint for declaratory judgment that he was an insured under his employer's commercial liability policy and entitled to uninsured motorist ("UM") coverage. OIC claims it was error to find both that its commercial liability policy qualified as an automobile liability policy, and that Frye was an insured under that policy pursuant to Scott-Pontzer v. Liberty Mut. FireIns. Co.[1] Based on the Ohio Supreme Court's recent decision in Westfield Ins. Co. v. Galatis,[2] we reverse and remand
 {¶ 2} Frye was injured in October of 1999 when, while standing in his driveway, he was struck by a car operated by Mark Atkins. It appears this happened following an argument between the two, and that Atkins had been asked to leave before the accident occurred. Frye filed a complaint for declaratory judgment, through which he sought UM coverage under a commercial liability policy that OIC issued to his employer, All-Nu Awning, Inc. OIC responded with a counterclaim through which it sought a declaration that Frye was not entitled to UM coverage, and both parties moved for summary judgment. The judge determined that the OIC policy was an automobile liability policy under Selander v.Erie Ins. Group,[3] and that Frye qualified as an employee insured under Scott-Pontzer. He granted Frye's motion for summary judgment, denied OIC's motion for summary judgment, and certified the order for appeal under Civ.R. 54(B). OIC asserts a single assignment of error, attached in an appendix to this opinion.
 {¶ 3} We review the grant of summary judgment de novo, using the same standard as the judge, which requires that we consider the evidence in the light most favorable to the non-moving party to determine whether a material dispute of fact exists.[4]
Although OIC first claims its commercial liability policy does not qualify as an automobile liability policy under Selander,
we need not address that issue. Even if the policy were to qualify as one which must provide UM coverage, Frye is not an insured under the Ohio Supreme Court's recent opinion inWestfield Ins. Co. v. Galatis, which limited the decision inScott-Pontzer.
 {¶ 4} Under Galatis, "a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment."[5] Because Frye's loss occurred on his driveway and not during the course and scope of his employment, he is not insured for UM coverage under his employer's policy. Based on the change in Ohio law, we sustain OIC's assignment of error.
 {¶ 5} Judgment reversed and remanded for entry of judgment consistent with Galatis and for proceedings on any remaining issues.
 ASSIGNMENT OF ERROR "The Trial Court erred and abused its discretion in grantingplaintiff's cross-motion for summary judgment and denyingdefendant's motion for summary judgment."
Frank D. Celebrezze Jr., and Timothy E. McMonagle, J., concur.
It is ordered that the appellant recover from appellee costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] 85 Ohio St.3d 660, 1999-Ohio-292, 710 N.E.2d 1116.
[2] 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256.
[3] 85 Ohio St.3d 541, 1999-Ohio-287, 709 N.E.2d 1161.
[4] Civ.R. 56(C); Stephens v. A-Able Rents Co. (1995),101 Ohio App.3d 20, 26, 654 N.E.2d 1315.
[5] Galatis, at paragraph two of the syllabus.